IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
JONATHAN LEE MILTON,            *
                                *
     Plaintiff,                 *
                                *
     v.                         *     CV 421-186
                                *
SHERIFF JOHN T. WILCHER,        *
OFFICER J. MILLER, and          *
CPL SINGLETON,                  *
                                *
     Defendants.                *
```

# O R D E R

Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it

seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## I.   BACKGROUND

Plaintiff's Complaint alleges that on May 5, 2021, Defendant Officer Miller threw a soda bottle full of water from the top "range" of the unit at Plaintiff, hitting him in the face and injuring him in the eye.  (Doc. No. 1, at 7.)  After the incident, Plaintiff could not keep his left eye open, and he could not see. He was in pain, and his eye was bloodshot and swollen.  (Id.)  He suffered from headaches and bruising, even as of June 14, 2021, when Plaintiff drafted his Complaint. (Id. at 6-7.)

Plaintiff alleges that he reported the incident to CPL Singleton, "a CPL appointed by Defendant Wilcher," and asked Singleton to see the nurse. (Id. at 7.)  Singleton told Plaintiff that the nurse was busy but that she would visit him soon.  (Id.) When Nurse Rivera came to his dorm, she joked that she "didn't have a steak to give [him]" and laughed as she walked away.  (Id. at 8.)  His further complaints to the sheriff and others about the incident and requests to see the nurse went unanswered.  (Id.)

## II.   LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may

2

be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid

of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff's allegations implicate the Eighth Amendment in two ways: first as an allegation of failure to provide medical care and second as an excessive force claim. His medical care claim is baseless. His excessive force claim, however, is at least not facially invalid; it therefore may proceed. Neither of these allegations survive against Defendant Wilcher though.

#### A. *Sheriff Wilcher*

Plaintiff accuses Defendant Wilcher of appointing or supervising other Defendants and of not responding to his grievances regarding inadequate medical treatment. Failing to resolve an inmate grievance does not give rise to liability under

4

Section 1983. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process" because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"). Neither can Wilcher be held liable on a theory of *respondeat superior* for either of the claims against him. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.")

B. *CPL Singleton*

As to Plaintiff's medical claim which appears to be made against Defendant Singleton, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Neither does a mere difference in medical opinion between inmate and staff. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th

Cir. 1989); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). To state a claim for deliberate indifference to serious medical need, Plaintiff must allege "(1) a serious medical need; (2) [the] defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*), abrogated on other grounds by Twombly, 550 U.S. 544.

Assuming, *arguendo*, that Plaintiff has established a serious medical need, he has not alleged that anyone was deliberately indifferent to his need. Moreover, he states no facts which show Defendant Singleton caused him any injury. In fact, Plaintiff affirmatively pled that Nurse Rivera examined him at the direction of Defendant Singleton. Plaintiff merely disputes the adequacy of Nurse Rivera's treatment, an allegation which does not establish a constitutional claim. See Hamm v. Dekalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments . . . ." (quotation and citation omitted)). Thus, even if the Court granted Plaintiff leave to amend his Complaint by adding a directly complicit defendant, it would be futile because Plaintiff fails to state a claim that the lack of medical care reached the level of a constitutional violation.

### C. *Officer Miller*

In Eighth Amendment excessive force cases, the "core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Under this standard, courts look at "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted" upon the prisoner. Whitley v. Albers, 475 U.S. 312, 321 (1986) (quotation marks and citation omitted). Liberally construing Plaintiff's allegations — that Defendant Miller threw a bottle at his face from a substantial distance above his head and for no apparent reason, causing him injury — and granting him the benefit of all reasonable inferences to be derived from those facts alleged, the Court finds that Plaintiff has arguably stated an excessive force claim against Defendant Miller. Accordingly, process shall issue as to Defendant Miller.

### IV. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Miller. Instructions for service shall be entered in a companion Order. **IT IS FURTHER**

7

**ORDERED** that Plaintiff's claims against Defendants Wilcher and Singleton are **DISMISSED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this ___6th___ day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE